IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL MILLER, | CIVIL ACTION |
| Plaintiff, | No. 3:23-cv-97 |
| v. | |
| FOREST HILLS PHARMACY, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Crystal Miller, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in Americans with Disabilities Act (ADA), in that:

   a. Plaintiff filed a timely written charge of disability discrimination, sex discrimination and retaliation with the Equal Opportunity Employment Commission on October 19, 2022, and cross filed with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated May 2, 2023; and

   c. This action was filed with this Court within 90 days of receipt of that Notice.

### II. The Parties

3. Plaintiff, Crystal Miller, ("Miller') is an individual who resides at 331 Llanfair Road,

1

Windber, Somerset County, PA 15963.

4. Defendant, Forest Hills Pharmacy, Inc., ("Defendant") is a corporation with its primary place of business at 552 Locust Street, St. Michael, Cambria County, PA 15951.

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year. Defendant is an eligible employer as defined by the FMLA, 29 U.S.C. §2611(4) in that it engaged in an industry or activity affecting commerce and employs more than 50 employees within 75 miles of Plaintiff's work location.

6. At all times relevant, Plaintiff was a qualified individual with a disability. Plaintiff is an eligible employee as defined by the Family Medical Leave Act (FMLA), 29 U.S.C. §2611(2)(A). Miller has a serious medical condition as defined by the FMLA. Miller had been employed with Defendant since February 8, 2021 and worked at least 1,250 hours in the year preceding her discharge.

### III. Factual Background

7. Miller was employed as a Pharmacy Technician by the Defendant since February 8, 2021.

8. In mid-July 2022, Miller informer her supervisor, Greg Weyandt that she was having some medical issue and would need surgery.

9. Miller's doctor diagnosed her on August 3, 2022 and scheduled Miller for surgery.

10. On August 6, 2022, Miller told Defendant that her surgery was scheduled for September 8, 2022.

11. On September 8, 2022, Miller had a hysterectomy performed.

12. Miller was off of work on FMLA until she recovered.

13. On October 7, 2022, Defendant's Human Resources Director, Christine Toma called Miller and told Miller she was laid off due to lack of work.

14. Miller questioned the stated reason because the employer had plenty of work and asked whether or not it was permanent.

15. Ms. Toma told Miller that the owner, Ronald Lattanzio, told Ms. Toma to tell Miller the reason she was being let go was because of lack of work, but he had told Ms. Toma the real reason for terminating Miller was because she had taken too much unpaid leave.

16. Ms. Toma said she would pack up Miller's things to bring them to Miller's home.

## Count I
## Americans with Disabilities Act: Discrimination

17. Plaintiff incorporates by reference the allegations in paragraphs 1 through 16 as if fully restated herein.

18. As described above, Plaintiff is an individual with a disability, and Defendant perceived her as having a disability.

19. Plaintiff was qualified for the Pharmacy Technician position and could perform all essential functions of the position. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

20. Defendant removed Miller from her Pharmacy Technician position because of her actual and/or perceived disability, in violation of the ADA, 42 U.S.C. §12112(a).

21. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of her disability.

22. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

    a. Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

    b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

    c. Either reinstatement or front pay;

    d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

    e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

    f. A reasonable attorneys fee and costs and expenses of litigation; and

    g. Such other legal and equitable relief as the Court deems just and proper.

### Count II
### American with Disabilities Act: Retaliation

23. Plaintiff incorporates by reference the allegations in paragraphs 1 through 22 as if fully restated herein.

24. Defendant removed Miller from the Pharmacy Technician position in retaliation for requesting a reasonable accommodation under the ADA, in violation of 42 U.S.C. §12203(b).

25. Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of her disability.

26. As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney's fees.

WHEREFORE, Plaintiff demands judgment against Defendants for Defendant's violation of the Americans with Disabilities Act as follows:

    a. Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

    b. An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

    c. Either reinstatement or front pay;

    d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

    e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

    f. A reasonable attorneys fee and costs and expenses of litigation; and

    g. Such other legal and equitable relief as the Court deems just and proper.

### Count III
### Title VII: Sex Discrimination

27. Plaintiff incorporates by reference the allegations in paragraphs 1 through 26 as if

fully restated herein.

28. Defendant fired Miller, and otherwise discriminated against her in the terms, conditions and privileges of employment because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1).

29. Defendant's violation of Title VII was undertaken with malice or reckless indifference to Plaintiff's federally protected right to not be discriminated against because of her sex.

30. As a direct and proximate result of Defendant's discharge of Miller because of her sex, she has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of her life, and other non-pecuniary losses.

WHEREFORE, Plaintiff demands judgment against Defendant and the following relief:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

b. That Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discharge, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII;

e. That the Court award Plaintiff punitive damages;

f. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII;

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

      h.      That the Court grant Plaintiff additional relief as may be just and proper.

**Count IV**
**FMLA**
**Retaliation**

31. Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as if fully restated herein.

32. As described in detail above, Miller is an eligible employee as defined by the FMLA.

33. The FMLA, 29 U.S.C. §2615(a)(2), precludes employers from retaliating against employees who have exercised rights or attempted to exercise rights under the FMLA.

34. Defendant fired Miller in retaliation for exercising her rights under the FMLA, in violation of 29 U.S.C. §2615(a)(2). Therefore, Defendant violated the FMLA.

35. As a direct and proximate result of Defendant's violations of the FMLA, Miller has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

**Count V**
**FMLA**
**Interference with FMLA Rights**

36. Plaintiff incorporates by reference the allegations in paragraphs 1 through 35 as if fully restated herein.

37. Miller had the right under the FMLA to take leave and to be restored to the same or a comparable position at the end of her FMLA leave pursuant to 29 U.S.C. § 2614(a).

38. Defendant interfered with Miller's rights when it fired her while she was on FMLA leave in violation of 29 U.S.C. § 2615(a)(1).

39. As a direct and proximate result of Defendant's violations of the FMLA, Miller has

suffered and continues to suffer damages, including, but not limited to, lost wages, benefits, and seniority.

WHEREFORE, Plaintiff hereby requests judgment, pursuant to 29 U.S.C. § 2617(a), and the following legal and equitable remedies:

    a. Defendant be ordered to reinstate Plaintiff to the position from which she was discharged, together with all benefits incident thereto, including by not limited to, wages, benefits, training, and seniority;

    b. Defendant be required to compensate Plaintiff for full value of wages and benefits that Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest at the prevailing rate thereon until the date Plaintiff is offered reinstatement to a position substantially equivalent to the one Plaintiff occupied prior to October 7, 2022;

    c. Defendant be required to provide Plaintiff all other compensation, including but not limited to lost stock options, bonuses, 401k and profit sharing, which was denied or lost to Plaintiff as a result of Defendant's illegal treatment of Plaintiff;

    d. That a final judgment in favor of Plaintiff and against Defendant be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C. §2617(a)(l)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff;

    e. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the FMLA;

    f. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

    g. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

        Respectfully submitted,

        **Edgar Snyder & Associates**

        /s/ *John E. Black, III*
        John E. Black, III
        Pa.I.D. #83727
        US Steel Tower, 10th Floor
        600 Grant Street
        Pittsburgh, PA  15219
        (412) 394-4446
        jblack@edarsnyder.com

        Attorney for Plaintiff